# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **DJIBO ADAMOU,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No.  **3:25-CV-00217-LS** |
| | § | |
| **WARDEN, FCI LA TUNA,** | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Djibo Adamou, Federal Prisoner Number 80982-053, challenges his sentence's execution through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] The Court denies the petition.

## I.    BACKGROUND.

Adamou is a 56-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within this Court's jurisdiction.[2] His projected release date is May 10, 2026.[3] He is originally from Keta-Akoda, Togo, West Africa, and concedes that he is a deportable alien with an Immigration and Customs Enforcement ("ICE") detainer but claims that he is not subject to a final order of removal.[4] A jury in the Eastern District of New York convicted Adamou of:

> [C]onspiracy to import one kilogram or more of heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 963, 960(a)(1), and 960(b)(1)(A), and aiding and abetting the importation of one kilogram or more of heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(A).[5]

---

[1] ECF No. 1.

[2] *See Find an Inmate*, Fed. Bureau of Prisons, www.bop.gov/inmateloc (search for Reg. No. 80982-053) (last visited Mar. 10, 2026).

[3] *Id.*

[4] ECF No. 1 at 2.

[5] *United States v. Djibo*, 850 F. App'x 52, 54 (2d Cir. 2021).

"The district court sentenced [him] to 168 months' imprisonment on each count, to run concurrently, followed by five years of supervised release,"[6] and the Second Circuit Court of Appeals affirmed his conviction and sentence.[7]

In his § 2241 petition, Adamou claims that he has earned a substantial amount of First Step Act Earned Time Credits ("FTCs") through successfully completing Evidence-Based Recidivism Reduction ("EBRR") programs and Productive Activities ("PAs").[8] He observes that these FTCs may be applied towards his prerelease custody in a Residential Reentry Center ("RRC") or early transfer to supervised release. Despite this, the Bureau of Prisons ("BOP") refused to transfer him to a prerelease community-based facility.[9] He asks the Court to intervene on his behalf and order Respondent Charisma Edge to transition him to an RRC.[10]

According to BOP records, Adamou earned about 585 FTCs by July 31, 2025.[11] The BOP applied 365 FTCs towards his early transfer to supervised release, thereby moving his projected release date from May 10, 2027, to May 10, 2026.[12] Thus, the BOP has applied the maximum number of FTCs permitted under 28 U.S.C. § 3624(g)(3) towards his transfer to supervised release.

The Department of Homeland Security ("DHS") filed a detainer against Adamou because "DHS has determined that probable cause exists that [he] is a removable alien. This determination [was] based on . . . [t]he pendency of ongoing removal proceedings against the alien."[13] If Adamou becomes subject to a final order of removal, he will become statutorily ineligible to apply the FTCs

---

[6] *Id.*

[7] *Id.* at 55, 58.

[8] ECF No. 1 at 1.

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] ECF No. 10-2 at 4 ("Petitioner was awarded 365 days, a full 12 months of FSA Time Credits, towards early transfer to supervised release. Additionally, Petitioner earned an additional 220 days of FSA Time Credits that *could* be applied toward community placement.").

[12] *Id.*

[13] *Id.* at 21.

towards his sentence and his transfer to supervised release will be moved to May 10, 2027.[14]

## II.    STANDARD OF REVIEW.

A prisoner may attack "the manner in which a sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[15] To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States."[16] Before a prisoner may file a cognizable § 2241 petition in a federal court, he must generally exhaust all his available administrative remedies.[17] Exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures that the agency with custody over him establishes.[18]

Although there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions "apply only in 'extraordinary circumstances.'"[19] And a petitioner bears the burden of demonstrating those circumstances.[20]

## III.    ANALYSIS.

### A.    *Exhaustion.*

Adamou claims—correctly—that he has earned a substantial number of FTCs while in

---

[14] *See* 18 U.S.C. § 3632(d)(4)(E)(i).

[15] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

[16] 28 U.S.C. § 2241(c)(3).

[17] *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).

[18] *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act); *see also United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("[C]ourts should not topple over administrative decisions unless the administrative body has not only erred, but has erred against objection made at the time appropriate under its practice.").

[19] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1188 (5th Cir. 1992)).

[20] *Id.*

prison.[21] For most prisoners, the BOP may apply FTCs towards prerelease custody in an RRC or early transfer to supervised release. However, Adamou concedes that he has not pursued his claims through the BOP's administrative review process, arguing that "[b]ecause the BOP is maliciously misinterpreting the clear test of relevant statutes . . . [t]o attempt to exhaust his administrative remedies would be 'futile.'"[22]

Adamou's administrative remedy history confirms that he has submitted three administrative appeals, but none related to applying FTCs towards prerelease custody.[23] Even so, an alien habeas petitioner with an immigration detainer is not required to exhaust administrative remedies before petitioning against a regulation that bars him from RRC placement on due process or equal protection grounds.[24] The Fifth Circuit has reasoned that it would be futile for a prisoner to make an administrative challenge seeking relief from the very entity charged to enforce its regulation. The Court accordingly finds that Adamou does not need to exhaust his claims through the BOP's administrative review process.

### B.    The First Step Act.

The First Step Act creates incentives to encourage prisoners to participate in EBRR programs and PAs.[25] Qualifying inmates may apply FTCs towards prerelease community-based placement in an RRC or home confinement,[26] and, at the BOP Director's discretion, apply the FTCs towards their early release to supervision.[27] However, the First Step Act prohibits the BOP from applying time credits towards time in prerelease custody or supervised release if the prisoner

---

[21] ECF No. 1 at 1.
[22] *Id*.
[23] ECF No. 10-3 at 5.
[24] *Gallegos–Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997) (holding that exhaustion is unnecessary if it "would be futile because the administrative agency w[ould] clearly reject the claim")).
[25] 18 U.S.C. § 3632(d).
[26] 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c).
[27] 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

is subject to a final order of removal under any provision of the immigration laws.[28] In response to this last provision, the BOP has "exercised its discretion to exclude ICE detainees from eligibility for early release and participation in the community-based treatment programs because of the flight risk associated with such prisoners."[29]

### C.    Due Process.

Adamou suggests that denying his entry into an RRC because of his non-citizen status violates his due process rights. To establish a due process violation in the prison context, a petitioner must show that his custodian deprived him of a liberty interest that the Constitution or a statute protects.[30] "The hallmark of a statute that has not created a liberty interest is discretion. Where the statute grants the prison administration discretion, the government has conferred no right on the inmate."[31] A prisoner does not have "a constitutional right to be [imprisoned] in a particular place or any constitutional right to early release."[32] "The term 'imprisonment' refers to any type of custody, including custody in a community correctional facility."[33]

28 U.S.C. § 3624(c) provides that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."[34] Requiring the BOP to afford prisoners an opportunity

---

[28] 18 U.S.C. § 3632(d)(4)(E)(i).

[29] *Gallegos-Hernandez*, 688 F.3d at 193 (citing 28 C.F.R. § 550.55(b)(1) ("[T]he following categories of inmates are not eligible for early release: (1) Immigration and Customs Enforcement detainees . . . .")).

[30] *Richardson v. Joslin*, 501 F.3d 415, 418–19 (5th Cir. 2007) (citing *Sandin v. Conner*, 515 U.S. 472, 479 n.4, 483–84 (1995)).

[31] *Id*. at 419.

[32] *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020) (per curiam); *see also Carrasco v. Warden, FCI La Tuna Camp*, EP-24-CV-250-LS, 2025 WL 850027, at *2 (W.D. Tex. Mar. 18, 2025).

[33] *Carrasco*, 2025 WL 850027, at *3 (brackets omitted) (quoting *Moresco v. United States*, 982 F.2d 529 (10th Cir. 1992)).

[34] 28 U.S.C. § 3624(c)(1).

to prepare for reentry into the community only "to the extent practicable" gives substantial discretion to the BOP. The statute neither "impinge[s] on the BOP's authority to determine the facility in which a prisoner should be housed" nor creates a "liberty interest in a particular facility."[35] Because Adamou has no liberty interest in any particular facility—including an RRC—his due process claim fails.

> ### D. Equal Protection.

Adamou also suggests that denying his entry into an RRC because of his non-citizen status violates his equal-protection rights. To establish an equal protection claim, a petitioner "must demonstrate that similarly situated persons are subject to disparate treatment without a rational basis."[36] Adamou is an alien prisoner with an ICE detainer. Such prisoners "cannot show that exclusion from rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens."[37] The BOP classifies prisoners based on whether they have an ICE detainer against them, not based on their status as aliens or non-aliens,[38] and "the determination that ICE detainees are ineligible to participate in prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs."[39] Thus, Adamou's equal protection claim also fails.

## IV. CONCLUSION.

Adamou has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States. Accordingly, the Court **DENIES** the petition for a writ of habeas

---

[35] *Gallegos–Hernandez*, 688 F.3d at 195 (citing *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility or specific work assignment."); *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995)).

[36] *United States v. Abou–Kassem*, 78 F.3d 161, 165 (5th Cir. 1996).

[37] *Gallegos–Hernandez*, 688 F.3d at 195 (citing *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999)).

[38] *Id.* at 196.

[39] *Id.*; *see also Carvajal v. Tombone*, 31 F. App'x 155, 2001 WL 1748343, at *1 (5th Cir. 2001).

corpus [ECF No. 1] and **DISMISSES** this action with prejudice.

       **SO ORDERED**.

       **SIGNED** and **ENTERED** on April 10, 2026

 

 

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**